# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

REYMUNDO ZACARIAS MENDOZA,       :
  6041 South 4000 West
  Taylorsville, UT 84118         :

FRANCISCO JAVIER CASTRO,        :
  P.O. Box 523              Civil Action No. _____
  Mabton, WA  98935         :

ALFREDO CONOVILCA MATAMOROS,    :
  522 1/2 Road, Apt. 2
  Clifton, CO  81520
                   :

  and
                   :

SERGIO VELASQUEZ CATALAN,
  70 E. Juniper St., Trailer #123
  Othello, WA  99344         :

      Plaintiffs,          :

                   :

v.

HILDA SOLIS, in her official capacity as    :
United States Secretary of Labor,
  200 Constitution Ave. NW
  Washington, DC  20210        :

  and                :

UNITED STATES DEPARTMENT OF LABOR
  200 Constitution Ave. NW
  Washington, DC 20210         :

      Defendants.         :

## COMPLAINT

## INTRODUCTION

1.      Plaintiffs Reymundo Zacarias Mendoza, Francisco Javier Castro, Alfredo Conovilca Matamoros, and Sergio Velasquez Catalan bring this action against defendants Hilda Solis and the United States Department of Labor (DOL), for violating the Administrative Procedure Act (APA) by adopting "special procedures" for employers seeking to use the H-2A program to hire temporary foreign workers for jobs in sheepherding, goatherding, and the open range production of livestock, without first providing notice and an opportunity for interested parties to comment.

2.      The H-2A program takes its name from the statutory provision, 8 U.S.C. § 1101(a)(15)(H)(ii)(a), that describes the visa category for nonimmigrant foreign workers who come to the United States to perform agricultural work on a temporary basis. Pursuant to Section 218 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1188(a)(1), the Secretary of Labor must certify that an employer seeking to use the H-2A program has given preference to U.S. workers over foreign workers for the available positions, and that, to the extent foreign workers are employed, their employment will not adversely affect the wages and working conditions of U.S. workers. DOL engaged in a rulemaking process that culminated in the publication of regulations governing the H-2A program generally. For H-2A applications for jobs in sheepherding, goatherding and the open range production of livestock, however, DOL issued "special procedures" that were not subject to the rulemaking process. By issuing "special procedures" without notice and comment, defendants violated the APA. Plaintiffs seek declaratory and injunctive relief to remedy this violation and to ensure that the H-2A program does not have an adverse effect on the employment opportunities, wages, and working conditions of workers in the United States.

## JURISDICTION AND VENUE

3.     This Court has authority to review final agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and jurisdiction over this action seeking such review under 28 U.S.C. § 1331.

4.     Venue is proper in this judicial district under 28 U.S.C. § 1391(e).

## PARTIES

### PLAINTIFFS

5.     Plaintiff Reymundo Zacarias Mendoza is a lawful permanent resident residing in Utah.  He came to this country from Peru in July 2009 and worked as an H-2A sheepherder in Wyoming from July 2009 until September 2010.  In 2011, Mr. Zacarias Mendoza worked as a ranch hand tending cattle in Henefer, Utah.  Although he is not now employed in sheepherding or the range production of livestock, if such jobs were available at wages and working conditions that were not adversely affected by the importation of foreign workers, Mr. Zacarias Mendoza would actively seek such jobs.

6.     Plaintiff Francisco Javier Castro is a lawful permanent resident residing in Washington state.  He worked as an H-2A sheepherder from March 2008 through March 2009. He continued working in Washington as a sheepherder through March 2010.  He also worked on a cattle ranch during 2010.  Although Mr. Castro is not now employed in sheepherding or the range production of livestock, if such jobs were available at wages and working conditions that were not adversely affected by the importation of foreign workers, Mr. Castro would actively seek such jobs.

7.     Plaintiff Alfredo Conovilca Matamoros is a work-authorized alien residing in Colorado.  He came to this country from Peru in March of 2009 as an H-2A worker.  From

March 2009 through August 2009, he worked as a sheepherder in Colorado. Until recently, he worked as a farm worker harvesting fruit. Although he is not currently working in sheepherding or the range production of livestock, Mr. Conovilca Matamoros would actively seek such jobs if they were available at wages and working conditions that were not adversely affected by the importation of foreign workers.

8.      Plaintiff Sergio Velasquez Catalan is a lawful permanent resident residing in Washington state. He came to this country from Chile in April 2004 as an H-2A worker. From April 2004 through June 2005, he worked in the range production of livestock in Colorado. He currently works as a farm worker in an orchard. Although Plaintiff is currently not working in sheepherding or the range production of livestock, he would actively seek such jobs if they were available at wages and working conditions that were not adversely affected by the importation of foreign workers.

**DEFENDANTS**

9.      Defendant Hilda Solis is the United States Secretary of Labor. She is sued in her official capacity.

10.     Defendant United States Department of Labor (DOL) is an agency of the United States. DOL is responsible for certifying that the employment of foreign workers admitted under the H-2A temporary visa program will not displace similarly employed U.S. workers and will not adversely affect the wages and working conditions of similarly employed U.S. workers.

**FACTS**

11.     Pursuant to 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a), 1184(c)(1) and 1188, the Attorney General of the United States is authorized to admit aliens to perform temporary agricultural labor

4

after consulting with the Secretary of Labor and the Secretary of Agriculture. Such workers are

known as H-2A workers.

      12.    An employer may petition to import an alien as an H-2A worker. The Attorney

General may not approve such a petition unless the employer has applied to the Secretary of

Labor for a certification that:

> (A) there are not sufficient workers who are able, willing, and qualified, and who will be available at the time and place needed, to perform the labor or services involved in the petition, and

> (B) the employment of the alien in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C. § 1188(a)(1).

      13.    Pursuant to this legislative mandate, the Secretary has published regulations

governing the H-2A labor certification process that define the standards under which the

statutorily mandated certification will be issued, including the minimum terms and conditions of

work that must be offered in order to test the labor market and determine the availability of U.S.

workers and to ensure that foreign workers will not adversely affect the wages and working

conditions of U.S. workers. 20 C.F.R. Part 655, Subpart B. These regulations have been

published pursuant to notice-and-comment rulemaking.

      14.    Among the H-2A regulations in Subpart B is 20 C.F.R. § 655.102, which states:

> To provide for a limited degree of flexibility in carrying out the Secretary's responsibilities under the Immigration and Nationality Act (INA), while not deviating from statutory requirements, the OFLC Administrator has the authority to establish, continue, revise, or revoke special procedures for processing certain H–2A applications. Employers must demonstrate upon written application to the OFLC Administrator that special procedures are necessary. These include special procedures currently in effect for the handling of applications for sheepherders in the Western States (and adaptation of such procedures to occupations in the range

production of other livestock), and for custom combine harvesting crews. Similarly, for work in occupations characterized by other than a reasonably regular workday or workweek, such as the range production of sheep or other livestock, the OFLC Administrator has the authority to establish monthly, weekly, or semi-monthly adverse effect wage rates (AEWR) for those occupations for a statewide or other geographical area. Prior to making determinations under this section, the OFLC Administrator may consult with affected employer and worker representatives. Special Procedures in place on the effective date of this regulation will remain in force until modified by the Administrator.

15.     On June 14, 2011, DOL issued two sets of special procedures: "Labor Certification Process for Employers Engaged in Sheepherding and Goatherding Occupations under the H-2A Program," Training and Employment Guidance Letter No. 32-10 (June 14, 2011), *available at*: http://wdr.doleta.gov/directives/attach/TEGL/TEGL32-10.pdf  and "Labor Certification Process for Occupations Involved in the Open Range Production of Livestock under the H-2A Program," Training and Employment Guidance Letter No. 15-06, Change 1 (June 14, 2011), *available at*: http://wdr.doleta.gov/directives/attach/TEGL/TEGL15_06_Ch1acc.pdf.

16.     Both of these special procedures define the wages and working conditions that must be offered for DOL to make the certification required by 8 U.S.C. § 1188, including the job duties, experience requirements, wages, and hours of work.

17.     Both of these special procedures are in effect for certification applications from employers with a date of need on or after October 1, 2011, and are used to define compliance with the certification requirements of 8 U.S.C. § 1188.

18.     Both of these special procedures are substantive and legislative rules.  Both of these special procedures were issued without notice and without an opportunity for comment.

19.     The special procedures are substantively inadequate because they allow employers to import foreign workers for sheepherding, goatherding, and open range production

of livestock jobs under conditions that adversely affect the employment opportunities, wages, and working conditions of U.S. workers. Plaintiffs and other similarly employed U.S. workers who compete for jobs as sheepherders, goatherders, and in the range production of livestock have been aggrieved by the use of these special procedures that were promulgated without providing notice and an opportunity for comments.

## CAUSE OF ACTION

20.    Promulgation of the special procedures described above constituted "rule making" within the meaning of the APA, 5 U.S.C. § 551(5), and was subject to the notice and comment requirements of 5 U.S.C. § 553.

20.    Promulgation of the special procedures without notice and without providing an opportunity for comment was without observance of procedure required by law.

21.    The special procedures are unlawful and should be set aside under 5 U.S.C. § 706(2)(D).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Enter a declaratory judgment that defendants have violated the APA by failing to notify the public and afford it an opportunity to comment on the special procedures for H-2A certification of sheepherder, goatherder, and open range production of livestock jobs;

(b) Enter an order vacating the challenged special procedures and enjoining defendants from using any special procedures for H-2A certification of sheepherder, goatherder, and open range production of livestock jobs unless and until such procedures have been adopted through notice-and-comment rulemaking;

(c) Award Plaintiffs their costs and expenses, including reasonable attorney's fees and

expert witness fees; and

> (d) Grant such further and additional relief as this Court may deem just and proper.

Dated:  October 7, 2011

Respectfully submitted,

Michael T. Kirkpatrick
DC Bar No. 486293
Gregory A. Beck
DC Bar No. 494479
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC  20009
(202) 588-1000
mkirkpatrick@citizen.org

Edward Tuddenham[*]
DC Bar No. 416194
228 W. 137th St.
New York, New York 10030
(212) 234-5953
etudden@prismnet.com

P. Alex McBean[*]
Utah Legal Services, Inc.
205 North 400 West
Salt Lake City, Utah  84103
(801) 328-8891

Jennifer J. Lee[*]
Migrant Farm Worker Division
Colorado Legal Services
1905 Sherman Street, Suite 400
Denver, CO 80203
(303) 866-9366

ATTORNEYS FOR PLAINTIFFS

---

[*] Notice of appearance and certification under LCvR 83.2(g) to be filed.

8